NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2014[*]
Decided May 13, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2188

| | |
|---|---|
| BIBANO FAVELA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 C 5148 |
| ROBERT VICARI, et al., | |
| *Defendants-Appellees.* | Jeffrey N. Cole, *Magistrate Judge.* |

**O R D E R**

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Bibiano Favela appeals from a judgment for several officers from the Stone Park, Illinois, Police Department after a bench trial on his claim that he was arrested with excessive force outside a nightclub. *See* 42 U.S.C. § 1983. We affirm that judgment.

At trial the parties offered two versions of the events surrounding Favela's arrest. Favela testified that he was standing outside of a nightclub, the Playpen Lounge, when four police officers arrived and attacked him for no reason. Favela said that the officers swung at him, slammed him to the ground, and kicked him in the stomach. He was arrested and brought to the police station where, Favela testified, officers beat him for 30 minutes, leaving him with a cut above his eyebrow, black eyes, scrapes on his elbows, and the imprint of a boot on his back. During cross-examination Favela admitted that he was "very drunk that night."

The police, however, characterized Favela as the aggressor. The nightclub's bouncer (who, as an auxiliary police officer, knew that Favela was wanted for questioning) notified the police department that Favela was standing outside. Officer Robert Vicari went to the scene and was pushed to the ground by Favela, who promptly fled. Vicari and Sergeant Ron Fabiani gave chase and tackled him to the ground. Favela resisted. During the struggle to place him in handcuffs, Fabiani "struck limbs" and "used pressure points" on Favela's thumb and behind his ear to subdue him. The officers escorted Favela to the police station, and 10 minutes after being placed in a holding cell, Favela was taken to the emergency room to be treated for a bleeding cut above his eyebrow.

The magistrate judge, presiding over a bench trial with the parties' consent, ruled for the officers. The judge credited the officers' testimony, found that all they did was "pursue, subdue, and handcuff" Favela, and concluded that the force they used was "reasonable and necessary" when arresting Favela and taking him into custody. The judge disbelieved Favela's account, characterizing his testimony as "utterly incredible" and "so internally inconsistent and implausible on its face that no reasonable factfinder could credit it."

On appeal Favela argues that the evidence at trial of bruises, contusions, and lacerations on his face undermines the district court's conclusion that he was not subjected to excessive force. But the magistrate judge rested his ruling largely on his finding that the testifying officers were credible and Favela was not. Favela has given us no reason to disturb this finding, which is not clearly erroneous. *See* Fed. R. Civ. P. 52(a)(6); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). To the extent that

Favela suggests that his injuries necessarily reflect excessive force, that is not the standard; rather, force is excessive only when it is applied "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see Cyrus v. Town of Mukwonago*, 624 F.3d 856, 864 (7th Cir. 2010); *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010). Here, given the court's finding that Favela struck an officer, fled, and resisted arrest, the magistrate judge did not err in concluding that the officers' use of force was not excessive. *See Padula v. Leimbach,* 565 F.3d 595, 603 (7th Cir. 2011) (force not excessive where officers forcibly removed intoxicated driver from car and, when he resisted by kicking and flailing arms, officers used batons and mace to subdue him); *Catlin v. City of Wheaton,* 574 F.3d 361, 367 (7th Cir. 2009) (force not excessive where police tackled and kneeled on suspected drug kingpin who resisted arrest).

Lastly, Favela in his reply brief challenges the district court's ruling that he failed to sustain his burden of proof to show intentional infliction of emotional distress. Arguments raised for the first time in a reply brief, however, are waived. *United States v. Kennedy,* 726 F.3d 968, 974 n.3 (7th Cir. 2013); *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013).

AFFIRMED.